ALICE. UNDERWOOD ET AL *v.* D. J. BOWLES ET AL.

**Judicial Sales—Lands and Conveyances—Duty of Officer.**

It is the duty of an officer, selling land under judgment to satisfy an existing lien thereon, to disclose to the bidders any incumbrance existing other than that for which the sale is being conducted, in order that bidders might fully understand the character of title they would acquire if they purchased.

**Same.**

Where such sales occur, the officer, after offering the· land to bidders, in a solid lot should attempt, before closing the sale, to raise the amount of the debt by offering a designated side or end of the tract or lot; the defendants in the execution being infants, not present at the sale as must be assumed, and incapable of making the designation, if they had been present.

**Judicial Sales, City of Louisville—Officers Discretion.**

By section 812. C. C. in the sale of a small portion of real estate in the city of Louisville, and county of Jefferson, if the defendant does not require less than the whole to be sold, where less will produce the

debt, the officer making the sale may exercise his discretion, with a view to the interest of the defendant, whether to sell the whole, or less than the whole, as he may or not think it advantageously susceptible of division. When the whole is sold by the officer, under the power here conferred, where the defendants are infants, and the officer must exercise the discretion conferred upon him, by reason of their disability to direct how the sale should be made, the facts should be stated in the return.

**Same—Purchaser for Value.**

An attorney, who admits that he recovered the judgment for the satisfaction of which the land was sold, and was present at the sale, was the surety of the purchaser in the sale bond, and must have known all about the manner of making the sale, cannot be an innocent purchaser without notice of the imperfection of his vendors title.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 14, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the return of the officer who made the sale that the parcel of land, which he sold was "partly subject to the dower of Martha Elderkin," but it does not appear what part, or how much of said land was subject to her dower, nor does it appear from his return that he stated or explained to those present how much of the land he offered for sale was encumbered by the dower of Mrs. Elderkin, which it was his duty to do, in order that bidders might fully understand the character of title they purchased.

The officer making the sale did not offer to sell the land by the acre, or state what quantity was included in the boundary; but it seems that he offered it all in a lot, and is rather to be inferred from his return, when the amount of the execution was bid for the whole boundary, he struck it off, without offering to sell a less quantity off of a designated side or end of the tract and endeavor to raise the amount of money, required to pay the execution, by a sale of less than the whole tract, as it was his duty to do; the defendants in the execution being infants, not present at the sale, as must be assumed and incapable of making the designation if they had been present. Sec. 3, Art. 13, Chap. 36, 1 Vol. R. S. pp. 484.

It has not escaped the attention of the court, that by Sec 812 Civ. C., in the sale of a small portion of real estate in the City of

Louisville, and County of Jefferson, if the defendant does not require less than the whole to be sold, where less will produce the debt, the officer making the sale, may exercise his discretion, with a view to the interest of the defendant, whether to sell the whole, or less than the whole, as he may or not think it advantageously susceptible of division. When the whole is sold by the officer, under the power here conferred, where the defendants are infants, and the officer must exercise the discretion conferred upon him, by reason of their disability to direct how the sale should be made, the facts should be stated in the return, which is not done.

It is further provided in the section here referred to, that an abuse of the discretion conferred, by the officer, shall be a sufficient cause to set aside the sale.

No special directions were given by the chancellor how the sale under this execution should be conducted. It does not appear from the return of the officer, that he explained how much of the land was encumbered by the dower of Mrs. Elderkin; there is no reason, or at least none is shown, why he did not offer a less quantity than the whole and ascertain thereby whether it would require all to pay the debt; the defendants were infants and could not require it to be done. The land was struck off at less than one-sixth of its value and the sacrifice may be accounted for by the manner the sale was conducted, and the failure of the officer to discharge his duty in the particulars herein named. And the sale should not therefore be permitted to stand.

Nor can appellee Sterman complain. He admits that he was the attorney who recovered the judgment for the satisfaction of which the land was sold, he was present at the sale, and was the surety of the purchaser in the sale bond, and must have known all about the manner of making the sale, so that he is not an innocent purchaser without notice of the imperfections of his vendor's title.

Wherefore, the judgment is reversed and the cause is remanded with directions to set aside the sales to Bowles and to Sterman, and to refer the case to the master to ascertain who is in possession of land for an account of rents, and lasting improvements, and ameliorations on account thereof and for further proceedings consistent herewith. The appellees will have a lien on the land for $71.21, the amount paid by the purchaser with interest from the 24th of February, 1862, till paid, subject to the adjustment of accounts for rents and ameliorations.

*Brown, for appellants.*

*Sterman, for appellees.*